[Crim. No. 3132. Second Appellate District, Division Two.—November 17, 1938.]

THE PEOPLE, Respondent, v. Dr. EDWARD H. AN-THONY, Appellant.

Paul Barksdale d'Orr and Thomas A. Reynolds for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

McCOMB, J.—Appellant was convicted after trial by jury of (a) violating section 182, subdivision 4 of the Penal Code, and (b) grand theft.

This appeal is from the judgments and orders denying his motions for a new trial.

The facts in the instant case as they appear from the testimony of admitted accomplices of appellant are:

George O. Dorris, who had known appellant approximately three and one-half years, arranged to have a fake automobile accident happen on May 18, 1935, in which George and Pearl Elroy and Robert Jones would appear to have been injured.

About 11 A. M. on the above date Mr. Dorris telephoned appellant at his office and asked him where he would be that evening, as he "wanted to call him on an accident case". Appellant stated that he would be home. Later in the afternoon Mr. Dorris telephoned appellant and gave him an address, stating that he wanted him to come over on an accident case and that Mr. and Mrs. Elroy and Robert Jones, while standing in a pedestrian zone at Third and Larchmont Streets, Los Angeles, were struck by a car driven by Doris Marshall. About thirty minutes later appellant arrived at the address given him and found the above-named persons present. Appellant put a bandage around Mr. Jones' apparently dislocated shoulder and Mr. Elroy's ankle. He found Mrs. Elroy in bed and, upon placing his hand upon her abdomen, found it enlarged. She informed him that she

was pregnant, threatened with a miscarriage, hemorrhaging, and feeling quite badly. Appellant told her to take it easy and she would be all right. A few days later she in fact had a miscarriage, for which she was treated by another doctor.

May 20, 1935, Mr. Beer, the adjuster for the Connecticut Indemnity Company of New Haven, visited the Elroys, and on the following day went to appellant's office for the purpose of arranging an examination of the allegedly injured persons.

Subsequently suit was filed on behalf of Mr. Jones through attorney Mandel. Thereafter Mr. Jones told Mr. Beer that he would leave the settlement in Dr. Anthony's hands and, upon Mr. Beer's stating that he would not deal with appellant as long as there was an attorney in the case, appellant told him that he would take care of the attorney; and attorney Mandel wrote a letter to the insurance adjuster, stating that he would not stand in the way of a settlement.

May 23, 1935, the Jones case was settled for $1,000, which payment was made by Mr. Beer to Mr. Jones in appellant's office, appellant receiving $150 for his professional services to Mr. Jones.

Thereafter Mr. Beer told appellant that he would settle the Elroys' case for less than $2,000, whereupon appellant telephoned to the Elroys and informed them of the offer, stating that he would reduce his fee from $250 to $200, if the case were settled and he was not required to appear in court. The case was then settled for $1950. The settlement was made by a cash payment at the Elroys' home in the presence of Mr. Beer, the Elroys, and appellant. Appellant received $200 in cash for the professional services which he had rendered to the Elroys.

The testimony of the accomplices also showed that subsequent to the fake automobile accident of May 18, 1935, there were several other fake accidents engineered by Mr. Dorris, in which cases appellant acted as the doctor for the allegedly injured persons.

Appellant relies for reversal of the judgment on this proposition:

*There is no substantial corroboration of the testimony of the admitted accomplices to show appellant's participation*

*in or connection with either of the crimes of which he was convicted.*

This proposition is tenable. Section 1111 of the Penal Code not only provides that a defendant cannot be convicted upon the testimony of an accomplice unless it is corroborated by other evidence tending to connect him with the commission of the offense, but it also provides that ''the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof''. ▇ More is required by way of corroboration than mere suspicion. (*People* v. *Yeager,* 194 Cal. 452, 473 [229 Pac. 40].) Corroborating evidence is not sufficient if the acts shown by such corroborating evidence are as consistent with innocence as guilt. (*People* v. *Kempley,* 205 Cal. 441, 456 [271 Pac. 478].)

▇ Applying the foregoing rule to the instant case, we find, after eliminating entirely the testimony of appellant's accomplices, the record is devoid of any evidence even slight which connects or tends to connect appellant with either of the crimes of which he was convicted. The only evidence, other than that of the accomplices, is that appellant treated the allegedly injured persons, thereafter participated in the discussions for settlements of their claims against an insurance company, and received in payment of his bill for professional services a portion of the money paid by the insurance company in settlement of the false claims.

There can be no question but that Mrs. Elroy suffered a miscarriage and the injuries to the other parties were such that the physician called by the insurance company considered them to be genuine. The fees which appellant received for his services were not excessive. Clearly such evidence is wholly insufficient as corroboration of the testimony of an accomplice as required by section 1111 of the Penal Code.

For the foregoing reasons the judgments appealed from are reversed, and a new trial is granted.

Crail, P. J., and Wood, J., concurred.